**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE C. RHOINEY,

Defendant-Appellant.

No. 03-3136

District of Kansas

(D.C. No. 02-CR-40014-01-RDR)

**ORDER AND JUDGMENT** *

Before **BRISCOE,** Circuit Judge, **McWILLIAMS** , Senior Circuit Judge, and **McCONNELL** , Circuit Judge.

Andre C. Rhoiney entered a conditional plea of guilty to one count of

possession with the intent to distribute five grams or more of a mixture containing

cocaine base. We affirmed the district court's denial of his motion to suppress

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

evidence discovered during a traffic stop and we affirmed the district court's finding at sentencing that he was responsible for 35 grams of cocaine base. *United States v. Rhoiney*, 94 Fed. Appx. 730 (10th Cir. 2004) (unpublished). The United States Supreme Court vacated the original opinion and remanded the case for reconsideration in light of *United States v. Booker*, 125 S.Ct. 738 (2005). *United States v. Rhoiney*, 125 S.Ct. 1005 (2005). We reinstate all non-sentencing portions of the prior opinion and consider the arguments made by the parties in supplemental briefing. On reconsideration we **AFFIRM** Mr. Rhoiney's sentence.

## I.

On December 21, 2001, two members of the Topeka Police Department pulled over the vehicle Mr. Rhoiney was driving. A search revealed 40 pills of Ecstasy and 20 individually wrapped pieces of cocaine base. On January 3, 2003, the defendant pleaded guilty to one count of possession with the intent to distribute five grams or more of a mixture containing cocaine base. At his sentencing on May 15, 2003, Mr. Rhoiney objected to the determination in the presentence report that the crack cocaine recovered by the police weighed exactly 35.0 grams. Mr. Rhoiney presented testimony from an expert witness that contested the DEA lab report stating that 2.8 grams of the substance was used in analysis, which combined with the reserve weight of 32.2 grams, resulted in a net weight of 35.0 grams. Mr. Rhoiney's expert witness testified that, in his

experience, not even as much as 0.5 grams would be used for analysis. On the basis of this testimony, Mr. Rhoiney argued that his base offense level should be 28 rather than 30, because the Sentencing Guidelines require at least 35 grams of a mixture containing cocaine base to authorize a base offense level of 30. U.S.S.G. §§ 2D1.1(c)(5) & (c)(6) The government presented testimony from the laboratory technician who weighed the drugs to explain that some of the weight loss might have occurred during transfers of the substance or due to evaporation of water in the substance.

The district court found the testimony of the drug technician to be credible and attributed 35.0 grams of a mixture containing cocaine base to Mr. Rhoiney. The district court reduced the base offense level of 30 by three levels for acceptance of responsibility for a final offense level of 27. This offense level, combined with Mr. Rhoiney's criminal history category of IV, supplied a sentencing range of 100–125 months. The district court imposed a bottom range sentence of 100 months. On appeal, Mr. Rhoiney challenged the district court's attribution of 35.0 grams of cocaine base to him and, on clear error review, we affirmed the district court's finding. *See Rhoiney*, 94 Fed. Appx. at 735.

**II.**

Mr. Rhoiney did not raise his Sixth Amendment challenge to his sentence below, thus we review for plain error. *See United States v. Gonzalez-Huerta*, 403

F.3d 727, 732 (10th Cir. 2005) (en banc). To demonstrate plain error Mr. Rhoiney must show that the district court: (1) committed error, (2) that was plain, (3) affected his substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631–32 (2002).

There are two types of *Booker* errors: constitutional error and non-constitutional error. *See Gonzalez-Huerta*, 403 F.3d at 731–32. Constitutional error occurs when a district court finds facts that mandatorily increase a defendant's sentence beyond the maximum sentence authorized by the facts admitted by the defendant or proven to a jury beyond a reasonable doubt. *See Booker*, 125 S.Ct. at 756. In his guilty plea Mr. Rhoiney admitted to possession of 5 or more grams of cocaine. He argues that finding any amount beyond 5 grams would be a violation of *Booker*'s constitutional holding. This position, however, ignores the statement in *Booker* that it is not a violation of the Sixth Amendment to increase a sentence on the basis of facts "admitted by the defendant." *Id.* Mr. Rhoiney objected to the conclusion in the presentence report that he possessed 35.0 grams of cocaine base. He contended that anomalies in the testing process indicated that the total amount of cocaine base was slightly less than that amount. Mr. Rhoiney argued:

> As stated in [the expert witness's] report, following his weighing of
> the materials involved in this case including the controlled substance

and the various containers and his review of the DEA Chemical Analysis Report dated February 21, 2002, and the DEA Report of Drug Property Collected dated January 9, 2002, in his opinion the actual weight of the drugs seized was 32 grams.

Therefore from the evidence presented the actual weight of the drugs seized was 34.74 or less with the resulting base offense level of 28. Deducting 3 points for acceptance of responsibility would result in an adjusted offense level of 25 and a resulting guideline range of (84-105) months . . . .

Supplemental Objections to the Presen[ten]ce Report, Rec. Vol. I, Doc. 136 at 1.

At sentencing, counsel for Mr. Rhoiney argued that in the absence of the alleged anomalies in testing "you come up with 33.2" grams. Sentencing Trans. R. Vol. VIII at 96.

These statements constitute an admission that the amount of drugs seized was at least 32 grams. *See United States v. Green*, 175 F.3d 822, 837–38 (10th Cir. 1999) (concluding it "appears that [the defendant] admitted to distributing the half kilogram of cocaine" where the defendant objected to the pre-sentence report's determination that he was responsible for two kilograms of cocaine on the grounds that he could only be accountable for one half kilogram of cocaine); *cf. United States v. Buonocore*, ___ F.3d ___, 2005 WL 1666069 at *8 (10th Cir. July 18, 2005) (concluding that admissions by defense counsel at sentencing were admissions for *Booker* purposes). Even if we credit Mr. Rhoiney with a three level reduction for acceptance of responsibility, the admitted drug amount authorizes an offense level of 25, which permits a maximum sentence of 105

months.  U.S.S.G. § 5A.  Because Mr. Rhoiney's sentence of 100 months is below the maximum sentence authorized by admitted facts there is no Sixth Amendment error in this case.

There is, however, non-constitutional *Booker* error present in Mr. Rhoiney's sentence because the district court sentenced him under Guidelines that, at the time, were mandatory.  Our precedent establishes that this type of sentencing error is plain.  *Gonzalez-Huerta*, 403 F.3d at 732.  Thus, to obtain relief Mr. Rhoiney must satisfy the third and fourth prongs of the plain error test.  We follow our standard practice in cases of non-constitutional *Booker* error by beginning this analysis with the fourth prong.  *See id.* at 736.

To satisfy the burden of showing that a failure to correct plain error would seriously affect the fairness, integrity, or public reputation of the judicial proceedings a defendant must show that the error in his sentence is one of "those rare cases in which core notions of justice are offended." *Id.* at 739.  When a defendant receives a sentence within the guideline range, as Mr. Rhoiney did, he must, at a minimum, point to record evidence that could justify a deviation from the national norm.  *See id.* at 738–39; *United States v. Magallanez*, 408 F.3d 672, 686 (10th Cir. 2005) (finding that the defendant did not satisfy the fourth prong where his sentence was within "the national norm and there is no record evidence to support a lower sentence."); *contrast United States v. Trujillo-Terrazas*, 405

F.3d 814, 819–21 (10th Cir. 2005) (remanding a case of non-constitutional Booker error where there was evidence to justify a deviation from the range supplied by the Guidelines). Without providing this evidence, there is little reason to believe that the district court would impose a different sentence, which would make a remand pointless. *See United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) (a relevant consideration under the fourth prong is "[w]hether the district court would simply reimpose the same sentence on remand, or whether instead the sentence 'would likely change to a significant degree if [the case] were returned to the district court for discretionary resentencing.'") (quoting *Gonzalez-Huerta*, 403 F.3d at 743-44 (Ebel, J., concurring)).

There is no record evidence to suggest that the district court would impose a different sentence on remand. The district court did not voice any hesitation or equivocation in sentencing Mr. Rhoiney to 100 months of imprisonment. Nor did the district court show any discomfort or doubt about the drug amounts. Sentencing Trans. R. Vol. VIII at 107. ("I believe the government has sustained its burden of proof in this case, so we're going to keep the amount of drugs exactly where they are.") There is little reason to believe that the district court

would do anything other than the exact thing it did the first time.   Accordingly,

we **AFFIRM** Mr. Rhoiney's sentence.

                                    Entered for the Court,

                                    Michael W. McConnell
                                    Circuit Judge